**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:23-CV-23730 (*In Rem* Forfeiture)

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ALL ASSETS ON DEPOSIT AND RESTRAINED IN BROKERAGE ACCOUNT NO. 20010195 AT SAFRA NATIONAL BANK OF NEW YORK;

ALL ASSETS ON DEPOSIT AND RESTRAINED IN CORPORATE CHECKING ACCOUNT NO. 1727126 AT SAFRA NATIONAL BANK OF NEW YORK; AND

ALL ASSETS ON DEPOSIT AND RESTRAINED IN CORPORATE CHECKING ACCOUNT NO. 17271253 AT SAFRA NATIONAL BANK OF NEW YORK.

Defendants *In Rem*.
______________________________________/

**CONSORCIO JURIDICO EXPERTISE – GIDEON FISHER & CO, LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF ASSERTING A CHARGING LIEN**

Proposed Intervenor, **CONSORCIO JURIDICO EXPERTISE – GIDEON FISHER & CO, LLC** ("**Consorcio**"), by and through its undersigned counsel and pursuant to Rule 24 of the Federal Rules of Civil Procedure, respectfully moves this Court for leave to intervene in the above-captioned action for the limited purpose of asserting and enforcing a charging lien and protecting its financial interest in any recovery obtained by the **INSTITUTO DE SEGURIDAD SOCIAL DE LA POLICIA NACIONAL** ("**ISSPOL**") of Ecuador, whether by judgment, settlement, or otherwise, arising out of the claims in this action. In support of this Motion, Consorcio states as follows:

## INTRODUCTION

Consorcio respectfully moves to intervene in this civil forfeiture proceeding pursuant to Federal Rule of Civil Procedure 24(a)(2) for the limited purpose of asserting a charging lien against any funds recovered on behalf of ISSPOL. *A true and correct copy of the proposed Notice of Filing Charging Lien is attached hereto for the Court's review as* ***Exhibit "A."***

As set forth below, Consorcio has a substantial, direct, and legally protectable interest in the outcome of this matter based on its written agreement with ISSPOL, which entitles Consorcio to a contingent success fee tied to any recovery of ISSPOL's previously identified assets, including those at issue, and to be disbursed imminently, in this action.

Consorcio held its end of the bargain under its agreement with ISSPOL, duly fulfilled all its obligations and materially contributed to put ISSPOL in position to obtain a significant recovery here. Nothing else needs be done to achieve this outcome. A full and final settlement of this forfeiture action has been reached. The parties are just waiting for the final approval by the Deputy Attorney General of the United States Department of Justice of the settlement reached.

However, after receiving the full benefit of Consorcio's performance, ISSPOL has tried to cut loose Consorcio by unexpectedly terminating the agreement and refusing to honor Consorcio's contractual rights. Consorcio thus seeks leave to intervene solely to assert and preserve its entitlement to a portion of any forfeited funds sufficient to compensate for the asset recovery services it rendered on ISSPOL's behalf. Intervention in this proceeding is the most direct and efficient means to enforce Consorcio's financial interest in the forfeited assets.

Under Federal Rule of Civil Procedure 24(a)(2), intervention as of right is appropriate where: (1) the motion is timely; (2) the movant has an interest relating to the property or transaction at issue; (3) disposition of the action may impair or impede the movant's ability to protect that

interest; and (4) existing parties do not adequately represent the movant's interest. Here, Consorcio satisfies each of these requirements: its motion is timely; it has a direct financial and contractual interest in the forfeited assets; it would be prejudiced if excluded from this action; and its interests are not represented by any current party. Accordingly, the Court should grant Consorcio's motion to intervene for the limited purpose of asserting its charging lien. *See* Ex. "A," the Charging Lien.

## FACTUAL BACKGROUND

### i. The Agreement Between Consorcio and ISSPOL.

1. On April 11, 2023, Consorcio and ISSPOL entered into a legal services agreement (the "**Agreement**") whereby Consorcio agreed to provide ISSPOL with international legal advisory, representation, and asset recovery services in connection with ISSPOL's substantial capital and investment losses suffered abroad, primarily in the United States. *A true and correct copy of the Agreement between Consorcio and ISSPOL, dated April 11, 2023, is attached hereto as* ***Exhibit "B."***

2. Consorcio is comprised of a group of foreign attorneys licensed to practice law in Ecuador, including Alberto Pena and Lorena Grillo (who are members of the Ecuadorian law firm EXPERTISE Abogados).

3. Pursuant to the Agreement, the scope of services that Consorcio agreed to provide to ISSPOL includes identifying, locating, and recovering ISSPOL's funds through judicial, extrajudicial, administrative, arbitral, or other legal mechanisms. *Id*. Clause 4, Page 11. The recovery efforts specifically target individuals and entities allegedly responsible for misappropriating or unlawfully retaining ISSPOL's funds.

4. The Agreement expressly allows for Consorcio to retain and involve additional attorneys as needed, specifically those attorneys that are licensed to practice in the jurisdictions

where ISSPOL's assets are located, or in which legal efforts to obtain ISSPOL's assets have commenced. *Id*. Clause 4, Page 12.

5. As compensation, ISSPOL agreed to pay Consorcio a fixed professional fee of $1,140,000.00 (USD), disbursed in three (3) installments upon the timely submission of defined deliverables separate from asset recovery. *Id*. Clauses 6 & 7, Pages 18-20. These disbursements are as follows:

a. $540,000.00 for Deliverable #1, due within 15-days of the Agreement's execution;
b. $300,000.00 for Deliverable #2, due within 100-days of the Agreement's execution; and
c. $300,000.00 for Deliverable #3, due within 180-days of the Agreement's execution.

*Id*.

6. The $1,140,000.00 (USD) covers the work performed by the Consorcio related to submitting initial reports, which ISSPOL received to its satisfaction and for which there are no outstanding actions that the Consorcio is required to complete. These funds were not tied to the outcome of any attempted recovery of ISSPOL's assets, but rather, to the actual work that Consorcio agreed to perform as per the Agreement. *Id*. ISSPOL complied with this portion of the Agreement.

7. In addition to the fixed fees, the parties also agreed that Consorcio is entitled to a contingent success fees based on actual recoveries achieved on behalf of ISSPOL. *Id*. *See* Clauses 6 & 7, Pages 18-20. Specifically, the Agreement states that Consorcio is entitled to:

a. 7% of any assets recovered that were previously known and identified to ISSPOL; and
b. 8% of any assets recovered that were previously unknown or unreported to ISSPOL.

*Id*.

8. To date, Consorcio has complied with its express obligations as found in the Agreement. Consorcio has played a crucial role in ISSPOL's efforts to trace, litigate, and recover ISSPOL's foreign investments, including frozen accounts and properties in the United States, worth more than $165,000,000.00 (USD).

**ii. Commencement of This Action.**

9. On or about September 29, 2023, the United States of America commenced this civil forfeiture action *In Rem* (the "**Forfeiture Action**") against assets held in three financial accounts at SAFRA National Bank of New York ("**SAFRA**"). The Forfeiture Action was brought pursuant to 18 U.S.C. § 981(a)(1)(A), alleging that the funds are subject to forfeiture as property involved in, or traceable to, a conspiracy to commit money laundering.

10. Specifically, the Verified Complaint seeks the forfeiture of all assets contained in: (1) Brokerage Account No. 20010195; (2) Corporate Checking Account No. 17271261; and (3) Corporate Checking Account No. 17271253 — all held in the name of IBCorp Investments and Business Group, S.A., a company controlled by Jorge Cherrez Miño.

11. According to the United States, between approximately 2014 and 2020, Jorge Cherrez Miño and others engaged in a scheme to defraud ISSPOL through a series of fraudulent investments and bond swap transactions. The Complaint alleges that these transactions were used to misappropriate over $300 million in public pension funds and to launder the proceeds through United States based financial institutions.

12. In the Verified Complaint, the United States asserts that the assets held in the SAFRA bank accounts, which are accounts directly tied to the Forfeiture Action, have a total value of approximately $72,054,537.99 (USD).

**iii. ISSPOL's Acknowledgement and Authorization of Consorcio's Retention of U.S. Counsel.**

13. On December 9, 2023, ISSPOL executed a formal Acknowledgment and Consent for Legal Services, authorizing Consorcio to retain legal counsel in the United States to represent ISSPOL's interests in the Forfeiture Action (the "**Acknowledgement**"). *A true and correct copy of ISSPOL's acknowledgement and consent for legal services dated December 9, 2023, is attached hereto as **Exhibit "C."***

14. ISSPOL specifically consented to the engagement of Coffey Burlington, P.L. and Hillarie Bass, PLLC (the "**U.S. Lawyers**") as its legal representatives in the Forfeiture Action. *See* Ex. "C," Paragraph 2.

15. The Acknowledgment further confirmed that any funds recovered in the Forfeiture Action would be routed through the trust account of Coffey Burlington, P.L, which would distribute proceeds to the U.S. Lawyers and Consorcio per their respective agreements, with the remainder remitted to ISSPOL. *See* Ex. "C," Paragraph 4.

16. On December 22, 2023, the U.S. Lawyers filed a Verified Claim on Behalf of ISSPOL in this Forfeiture Action. That filing was the product of coordinated efforts between the U.S. Lawyers and Consorcio, including the lawyers, Alberto Pena and Lorena Grillo, both of whom worked on behalf of ISSPOL to develop, substantiate, and present ISSPOL's claims to the funds held in the SAFRA bank accounts at issue in this proceeding.

17. On the same date, the U.S. Lawyers, working in conjunction with Consorcio, also filed an Answer to the Forfeiture Action on behalf of ISSPOL. Consorcio actively participated in the preparation of that filing, working alongside the U.S. Lawyers to ensure that ISSPOL's factual

and legal positions were properly and effectively asserted in response to the United States' allegations.

**iv. The Agreement Between Consorcio and the U.S. Lawyers.**

18. Pursuant to the Acknowledgement given by ISSPOL, Consorcio entered into a representation contract with the U.S. Lawyers on February 9, 2024 (the "**Representation Contract**"). *A true and correct copy of Consorcio's Representation Contract with the U.S. Lawyers dated February 9, 2024, is attached hereto as **Exhibit "D."***

19. Under the Representation Contract, the U.S. Lawyers agreed to represent ISSPOL exclusively in this Forfeiture Action, with the limited scope of recovering funds held at SAFRA National Bank. *See* Ex. "D," at Paragraph 2.

20. The parties agreed that the U.S. Lawyers will be compensated through a contingent fee of one percent (1%) of the net proceeds recovered by ISSPOL in the Forfeiture Action. *Id*, at Paragraph 4. This 1% fee is to be deducted directly from the 7% contingent recovery fee that Consorcio is entitled to under the Agreement with ISSPOL for the recovery of previously known assets. See Exhibit "C", at Paragraph 4.

**v. Current Status of Proceedings.**

21. Throughout the course of these proceedings Consorcio, the U.S. Lawyers, and ISSPOL, have been fully aware of the agreements and roles established among them.

22. In line with the relevant arrangements, the U.S. Lawyers filed a Certificate of Interested Persons on February 20, 2024, on behalf of ISSPOL, identifying "Consorcio Jurídico Expertise Gideon Fisher & Co LLC" as an interested entity in the Forfeiture Action. *A true and correct copy of ISSPOL's Certificate of Interested Persons and Corporate Disclosure Statement, filed with the Court on February 20, 2024, is attached hereto as **Exhibit "E."*** That filing reflects

the parties' shared understanding that Consorcio has a financial interest in any recovery made on ISSPOL's behalf, based on the Agreement between Consorcio and ISSPOL. *See* Ex. "E," Page 2.

23. Under that Agreement, Consorcio is entitled to a 7% contingent success fee on recovered funds previously known to ISSPOL. Consorcio and the U.S. Lawyers also agreed that 1% of that amount would be allocated to the U.S. Lawyers as part of their compensation, reducing Consorcio's effective share to 6%.

24. On or about October 20, 2024, the parties reached a full and final settlement of the Forfeiture Action. All parties with an interest in the assets at issue, including ISSPOL, agreed to resolve their claims. ISSPOL was represented during the mediation by both the U.S. Lawyers and Consorcio.

25. Following the mediation, a mediation report was filed by the court-appointed mediator on November 4, 2024, confirming that the case had been fully settled. [D.E. 59].

26. In response thereto, the Court administratively closed the case and ordered the parties to file a stipulation of dismissal within 30 days [D.E. 60].

27. On December 4, 2024, the United States filed a consent motion for reconsideration of the Court's Order Administratively closing the case and requiring a stipulation of dismissal, which was filed, in part, because the United States Attorney's Office must receive approval for the settlement amount from the Deputy Attorney General of the United States Department of Justice due to the monetary amount involved in the Forfeiture Action and settlement. [D.E. 62].

28. On March 4, 2025, a Joint Status Report was filed by all claimants with an interest in the funds, including ISSPOL, advising the Court that as of March 4, 2024, the United States' proposed settlement agreement with ISSPOL remains under review by management within the

United States Attorney's Office, whose approval is required prior to submission of the proposed settlement to the Forfeiture Action. [D.E. 64].

29. Such approval may be received on or before Monday, June 2, 2025, when the next status report is due.

**vi. ISSPOL's Termination of the Agreement with Consorcio.**

30. After receiving the full benefit of Consorcio's performance, on April 8, 2025, while the parties were simply awaiting approval on the settlement from the Deputy Attorney General of the U.S. Department of Justice, ISSPOL terminated the Agreement with Consorcio, and even requested that the U.S. Lawyers file their respective withdrawals in the Forfeiture Action.

31. Although the settlement is fully agreed upon and as noted above solely pending final approval by the U.S. Department of Justice, Consorcio has not been provided any assurance that its contractual interest will be recognized in the distribution of funds in accordance with the Agreement attached hereto as Exhibit "B." Again, all this notwithstanding that Consorcio has held its end of the bargain, duly fulfilled all its obligations under its agreement with ISSPOL and materially contributed to put ISSPOL in position to obtain a significant recovery here with no further act, including under the Agreement, required to achieve this outcome.

32. Consorcio has not been, as such, included as a party to the settlement agreements, is not a formal party to the Forfeiture Action, and following ISSPOL's April 8, 2025 termination of the Agreement, no longer has any formal role in the Forfeiture Action. Therefore, given that the recovery was secured through joint efforts involving Consorcio, and that the distribution of proceeds may occur upon approval of the settlement in the near future, Consorcio seeks to secure and assert its interest in those funds through this Motion to Intervene.

## ARGUMENT

### i. Consorcio is Entitled to Intervene.

Under Rule 24(a)(2), of the Federal Rules of Civil Procedure, a party seeking to intervene as of right must show that: (1) the intervention application is timely; (2) an interest exists relating to the property or transaction which is the subject of the action; (3) disposition of the action may as a practical matter impede or impair the party's ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the intervenor's interests. Intervention must be allowed when these four requirements are met. Based on the facts alleged above, Consorcio clearly satisfies these factors. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1308-09 (11th Cir. 2004) (citations omitted).

### ii. Consorcio's Motion to Intervene is Timely.

The Eleventh Circuit has identified several factors relevant to determining whether a request for intervention is timely, including, (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely. *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

The Eleventh Circuit has recognized that the requirement of timeliness "must have accommodating flexibility toward both the court and the litigants if it is to be successfully

employed to regulate intervention in the interest of justice." *U.S. Army Corps of Engineers*, 302 F.3d at 1259 (citing *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).

Here, Consorcio's Motion to Intervene satisfies the relevant factors analyzed for the timeliness analysis. First, although Consorcio has been involved in ISSPOL's broader recovery efforts since April 2023, its direct interest in the Forfeiture Action did not come to be until after ISSPOL unilaterally terminated its Agreement with Consorcio on April 8, 2025. Until that point, Consorcio reasonably relied on its entitlement to a percentage of recovered assets as per the Agreement, as well as its arrangement with the U.S. Lawyers to act on ISSPOL's behalf. That reliance was further supported by ISSPOL's public filing of a Certificate of Interested Persons on February 20, 2024, which expressly identified Consorcio as having a financial interest in the Forfeiture Action. *See* Ex. "E," at Page 2. As such, the need to intervene did not arise until ISSPOL repudiated those agreements at the eleventh hour and took the position to reject Consorcio's rights. There was, and there is, no basis for ISSPOL's actions. Consorcio then proceeded to promptly retain undersigned counsel, and prepared and filed this Motion to Intervene to protect its financial and legal interests.

Second, there is no prejudice to the existing parties, particularly the United States or any claimants, as a result of Consorcio's motion. The settlement was reached in October 2024, but disbursement remains pending approval by the Deputy Attorney General of the U.S. Department of Justice. As confirmed in the parties' March 4, 2025 Joint Status Report, the approval process is still ongoing. Granting intervention at this time will not delay or disrupt the existing litigation, but will instead serve the interest of judicial efficiency by ensuring that all parties with a legitimate interest in the disputed funds are before the Court in advance of any distribution.

Third, Consorcio will suffer significant prejudice if intervention is denied. Consorcio has a clear contractual interest in the funds at issue, both through its contingent fee agreement with ISSPOL and its separate compensation arrangement with the U.S. Lawyers. Despite having contributed materially to the recovery that resulted in settlement, Consorcio has not been included in the settlement documentation, and has received no confirmation that ISSPOL will honor its contractual rights pursuant to the Agreement. If Consorcio is not permitted to intervene, it may be deprived of its contractual entitlement to its success fee on the recovered funds without the opportunity to protect or assert its interest in this forum.

Finally, unusual circumstances support a finding of timeliness here. Specifically, Consorcio's role as a recovery entity was not adversarial to ISSPOL until ISSPOL terminated the Agreement on April 8, 2025. Until then, all parties operated in alignment under duly authorized agreements. ISSPOL's sudden repudiation of these agreements, and its attempt to eliminate Consorcio's role, created an unforeseen change in circumstances that necessitate this intervention. Additionally, the Forfeiture Action remains open solely for procedural purposes relating to U.S. Department of Justice approval of the settlement entered into by the parties, and the intervention will not interfere with any deadlines or require duplicative proceedings.

In light of the totality of the circumstances, and in accordance with the Eleventh Circuit's "accommodating flexibility" approach to the timeliness analysis, *U.S. Army Corps of Engineers*, 302 F.3d at 1259, Consorcio's Motion to Intervene is timely and should be granted.

**iii. Consorcio has an Interest Relating to the Property Which is the Subject of the Forfeiture Action.**

For an applicant's interest in the subject matter of the litigation to be cognizable under Rule 24(a)(2), it must be "direct, substantial and legally protectable." *U.S. Army Corps of Engineers*,

302 F.3d at 1249. The inquiry on this issue "is 'a flexible one, which focuses on the particular facts and circumstances surrounding each [motion for intervention].'" *Chiles*, 865 F.2d at 1214.

Consorcio's interest in this action is both financial and contractual. Through the Agreement with ISSPOL, Consorcio is entitled to receive a success-based contingency fee of 7% of any recovered funds that were previously known to ISSPOL, which is the category of funds at issue in this Forfeiture Action. That entitlement is further recognized in the Acknowledgement and the Representation Contract with the U.S. Lawyers, whereby 1% of the 7% recovery fee is to be paid to the U.S. Lawyers, with the remainder owed to Consorcio.

Consorcio's interest is not remote, speculative, or contingent on further litigation; it is a concrete contractual right to compensation tied to a specific pool of funds currently at issue before this Court. The United States seeks the forfeiture of more than $72 million held in three SAFRA bank accounts. These accounts were directly targeted in the asset recovery strategy led by Consorcio, and fall within the scope of assets identified under the Agreement with ISSPOL. The settlement in this action is complete in all substantive respects, and the only remaining condition is approval by the U.S. Department of Justice. Thus, Consorcio's interest is no longer theoretical, corresponds to activities Consorcio has already and fully performed for the benefit of ISSPOL, it is attached to funds soon to be distributed and therefore ripe for enforcement through this Motion.

Moreover, as of February 20, 2024, ISSPOL, through the U.S. Lawyers, affirmatively disclosed Consorcio's financial interest in this action through the Certificate of Interested Persons. See Ex. "E," Page 2. That filing serves as independent confirmation that Consorcio's interest in the subject matter of this action was not only recognized, but actively acknowledged by the parties until ISSPOL's abrupt and self-serving termination on April 8, 2025.

Without intervention, Consorcio's ability to enforce its contractual rights, particularly its right to a portion of any recovered funds, may be irreparably impaired. Consorcio has no other procedural vehicle within the forfeiture framework to assert or protect its interest in the subject funds, which is precisely why it seeks leave to intervene in this Forfeiture Action to assert a charging lien. Consorcio does not seek to expand the scope of the proceedings or delay the resolution that was agreed upon by the parties, rather, it solely looks to protect its limited, legally recognized interest in a portion of the funds (7%) to be distributed to ISSPOL.

Accordingly, Consorcio has demonstrated a direct, substantial, and legally protectable interest sufficient to warrant intervention as of right under Rule 24(a)(2).

**iv. The Disposition of the Action May as a Practical Matter Impede or Impair Consorcio's Ability to Protect its Interest.**

Consorcio's substantial legal interest in the Forfeiture Action arises from its contractual entitlement to a contingent success fee tied directly to the recovery of the forfeited assets. If intervention is denied, Consorcio will have no procedural mechanism within the forfeiture proceedings to assert or enforce its right to that compensation. Because the court will ultimately determine the disposition of the assets that trigger Consorcio's compensation, exclusion from the proceeding would impair Consorcio's ability to protect its legal and financial interests therein — particularly in light of ISSPOL's termination of the Agreement and refusal to acknowledge Consorcio's entitlement.

The potential impairment is not speculative. ISSPOL has expressly disclaimed any obligation to comply with the terms of the Agreement, having terminated same. Once funds are distributed to ISSPOL as a result of the settlement, Consorcio may have no meaningful recourse to recover the contracted-for funds that it is owed. Because the Court's approval of the settlement

and the disposition of the funds will be final and dispositive of the relevant assets, intervention is necessary to ensure that Consorcio's claim is heard before distribution occurs.

**v. The Existing Parties to the Forfeiture Action Inadequately Represent Consorcio's Interests.**

The burden on the proposed intervenor to show that existing parties cannot adequately represent its interest is "minimal." *Stone*, 371 F.3d 1311; *U.S. Army Corps of Engineers*, 302 F.3d at 1259. Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the Court to resolve all related disputes in a single action. *Federal Sav. and Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

In determining the adequacy of representation, courts have considered such factors as, (i) whether the interest of a present party is such that it will undoubtedly make all of the intervenor's arguments, (ii) whether the present party is capable and willing to make such arguments, and (iii) whether the intervenor would offer any necessary elements to the proceedings that the other parties would neglect. *See, e.g., United States v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988).

Here, ISSPOL cannot adequately represent Consorcio's interests because it has terminated Consorcio's Agreement and has taken the position that Consorcio is not due its recovery fee in contravention of the Agreement. This places ISSPOL in direct conflict with Consorcio. ISSPOL is no longer a neutral or aligned party; it has taken an expressly adverse position. Nor can the U.S. lawyers fulfill this role. Although they were originally engaged to act on ISSPOL's behalf pursuant to Consorcio's Agreement with ISSPOL, and with ISSPOL's express acknowledgment of that arrangement, they are ethically barred from asserting any position adverse to ISSPOL's interests. Their prior disclosure of Consorcio as an interested party does not alter the fact that they were not,

and are not, able or in position to protect Consorcio's independent rights. No party currently before the Court has a financial or strategic interest in ensuring that Consorcio receives compensation under the Agreement. To the contrary, ISSPOL has a clear economic incentive to attempt to thwart the required distribution.

Moreover, Consorcio brings to this action a distinct contractual and financial interest, along with a factual and evidentiary record concerning its efforts to identify and pursue the very assets now subject to forfeiture. Given ISSPOL's adversarial position and the U.S. lawyers' ethical constraints, no existing party in this case can adequately represent Consorcio's interests and its legal rights under the Agreement. Accordingly, Consorcio meets the minimal burden to establish inadequate representation and is entitled to intervene as of right under Rule 24(a)(2).

WHEREFORE, Proposed Intervenor, CONSORCIO JURIDICO EXPERTISE – GIDEON FISHER & CO, LLC, respectfully requests that this Court enter an Order, (i) granting its Motion to Intervene in the above-captioned Forfeiture Action pursuant to Federal Rule of Civil Procedure 24(a)(2) for the purpose of asserting and enforcing a charging lien and protecting its financial interest in the assets at issue; (ii) permitting Consorcio to participate in these proceedings to the extent necessary to assert, support, and enforce its contractual rights under its Agreement with the parties and U.S. Counsel with respect to any recovery obtained by or for the benefit of ISSPOL; and (iii) granting such other and further relief as the Court deems just and proper.

Dated this 30th day of May, 2025.

*/s/ Aliette D. Rodz*
Aliette D. Rodz
Florida Bar No. 0173592
arodz@shutts.com
Eduardo De la Pena Bernal
Florida Bar No. 61435
edelapena@shutts.com
Fernando Oyarzun
foyarzun@shutts.com
**SHUTTS & BOWEN LLP**
*Attorneys for Proposed Intervenor*
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131
Tel. (305) 347-7342

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on May 30, 2025, on all counsel or parties of record on the Service List below.

*/s/ Aliette D. Rodz*
Aliette D. Rodz

| ***SERVICE LIST*** | |
|---|---|
| *MARKENZY LAPOINTE*<br>*UNITED STATES ATTORNEY*<br>*Annika M. Miranda*<br>*Jorge R. Delgado*<br>*Assistant United States Attorney*<br>*99 NE 4th Street, 7th Floor*<br>*Miami, FL 33132-2111*<br>*Tel: (305) 961-9303*<br>*Fax: (305) 536-4089*<br>*Annika.miranda@usdoj.gov*<br>*Jorge.Delgado2@usdoj.gov*<br><br>*Counsel for Plaintiff, United States* | *CARLTON FIELDS*<br>*Roger S. Kobert*<br>*2 Miami Central, Suite 1200*<br>*700 NW 1st Avenue*<br>*Miami, FL 33136*<br>*Tel: (305) 530 – 0050*<br>*Rkobert@carltonfields.com*<br><br>*Counsel for Safra National Bank of New York* |
| *CUETO LAW GROUP*<br>*Santiago Cueto*<br>*2100 Ponce de Leon Boulevard*<br>*Suite 1250*<br>*Coral Gables, FL 33146*<br>*Tel: (305) 710-7868*<br>*Fax: (305) 777-0449*<br>*sc@cuetolawgroup.com*<br><br>*Counsel for Asegurado Del Sur* | *CHRISTOPHER LYONS, P.A.*<br>*Christopher G. Lyons*<br>*2601 South Bayshore Drive, Suite 800*<br>*Miami, FL 33133*<br>*Tel: (305) 377-3770*<br>*Fax: (305) 377-0080*<br>*clyons@maselaw.com*<br>*dfigueroa@maselaw.com*<br><br>*Counsel for Asegurado Del Sur* |
| *GAVIRIA LAW FIRM*<br>*Frank J. Gaviria, Esq.*<br>*14 NE 1st Avenue, Suite 301*<br>*Miami, FL 33132*<br>*Tel: (305) 379-4441*<br>*Fax: (305) 479-4654*<br>*frank@fjgfirm.com*<br><br>*Counsel for Asegurado Del Sur* | *COFFEY BURLINGTON, P.L.*<br>*George Kyriakopoulos, Esq.*<br>*Fernando LaTour Tamayo, Esq.*<br>*Kendall Brindley Coffey, Esq.*<br>*2601 South Bayshore Drive, Penthouse*<br>*Miami, FL 33133-5448*<br>*Tel: (305) 858-2900*<br>*Fax: (305) 858-5261*<br>*georgek@coffeyburlington.com*<br>*ftamayo@coffeyburlington.com*<br>*kcoffey@coffeyburlington.com*<br><br>*Counsel for ISSPOL* |